**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 22, 2021**

# In the Court of Appeals of Georgia

A21A1804. GARIBAY v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Steven Garibay was convicted of the crime of failing to register as a sex offender. The trial court sentenced Garibay to serve five years in confinement and twenty-five years on probation. After the trial court denied Garibay's motion for new trial, he filed this appeal.

Garibay's sole argument on appeal is that the trial court erred by sentencing him as a recidivist under OCGA § 17-10-7 (a) and (c) because both subsections cannot be applied to the same case and the subsections should not be read together. He acknowledges that we have held that a trial court may apply both subsections, see, e.g., *Riley v. State*, 356 Ga. App. 606, 615-616 (5) (848 SE2d 474) (2020), but he urges us to overrule those cases. (He also acknowledges that our Supreme Court has

held that "[a]ll of [the] subsections of OCGA § 17-10-7 must be read together." *Blackwell v. State*, 302 Ga. 820, 830 (4) (809 SE2d 727) (2018). We, of course, lack authority to overrule our Supreme Court.)

The problem with Garibay's argument is that he was not sentenced under both subsections. The judgment of conviction shows that the trial court sentenced Garibay as a recidivist only under OCGA § 17-10-7 (c):

☒  3. The Court sentences the Defendant as a recidivist under O.C.G.A.:
☐ § 17-10-7(a); ☒ § 17-10-7(c); ☐ § 16-7-1(b); ☐ § 16-8-14(b); or ☐ § _____.

So Garibay has not shown reversible error and we affirm.

*Judgment affirmed.  Rickman, C. J. , and Senior Appellate Judge Herbert E. Phipps concur.*